IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXOSMITHKLINE LLC<br>(f/k/a SMITHKLINE BEECHAM<br>CORPORATION),<br><br>            Plaintiff,<br><br>    v.<br><br>ANCHEN PHARMACEUTICALS, INC.,<br>ANCHEN, INC. and<br>BANNER PHARMACAPS, INC.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 11-046 (SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| ANCHEN PHARMACEUTICALS, INC.,<br>ANCHEN, INC. and<br>BANNER PHARMACAPS, INC.,<br><br>            Counterclaim-Plaintiffs,<br><br>    v.<br><br>GLAXOSMITHKLINE LLC<br>(f/k/a SMITHKLINE BEECHAM<br>CORPORATION),<br><br>            Counterclaim-Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## GLAXOSMITHKLINE LLC'S ANSWER TO COUNTERCLAIMS OF ANCHEN PHARMACEUTICALS, INC. AND ANCHEN, INC.

Plaintiff GlaxoSmithKline LLC ("GSK") answers the Counterclaims of Defendants/Counterclaim-Plaintiffs Anchen Pharmaceuticals, Inc. ("API"), and Anchen, Inc. ("Anchen Inc.") (collectively, "Anchen") as follows:

### PARTIES[1]

100. Upon information and belief, GSK admits the allegations of paragraph 100.

---

[1] For the Court's convenience, GSK will use the headings employed by Anchen in its Counterclaims. However, such use does not indicate agreement with the characterization of those headings, and GSK does not waive its right to object to those characterizations.

101. GSK admits that it is a Delaware limited liability company having offices at One Franklin Plaza, Philadelphia, PA, 19102.

## JURISDICTION AND VENUE

102. The allegations of paragraph 102 state conclusions of law to which no response is required.

103. The allegations of paragraph 103 state conclusions of law to which no response is required.

104. The allegations of paragraph 104 state conclusions of law to which no response is required.

105. GSK admits the allegations of paragraph 105.

106. Upon information and belief, GSK admits the allegations of paragraph 106.

107. Upon information and belief, GSK admits the allegations of paragraph 107.

108. GSK admits the allegations of the first three sentences of paragraph 108, but states that Anchen's Counterclaims do not appear to attach an "Exhibit A," and therefore denies the allegations of the last sentence of paragraph 108.

109. The allegations of paragraph 109 state conclusions of law to which no response is required.

## FIRST COUNTERCLAIM – DECLARATION OF INVALIDITY

110. GSK incorporates by reference its responses to paragraphs 100-109 as if fully set forth herein.

111. Denied.

112. Denied.

## SECOND COUNTERCLAIM – DECLARATION OF NONINFRINGEMENT

113. GSK incorporates by reference its responses to paragraphs 100-112 as if fully set forth herein.

114. Denied.

## THIRD COUNTERCLAIM – EXCEPTIONAL CASE

115. GSK incorporates by reference its responses to paragraphs 100-114 as if fully set forth herein.

116. Denied.

## DEMAND FOR JUDGMENT

GSK states that the final paragraph ("Demand for Judgment") contains a request for relief to which no response is required. To the extent that one is required, GSK denies that Anchen is entitled to such relief.

GSK denies all allegations not expressly denied or otherwise responded to herein.

## AFFIRMATIVE DEFENSES

GSK asserts the following affirmative and other defenses. GSK asserts these defenses without prejudice to GSK's right to plead additional defenses as discovery into the facts progresses.

### First Affirmative Defense

Anchen's Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

GSK has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely upon such other affirmative defenses as may become available or apparent during discovery proceedings. GSK further reserves the right to amend its

Answer and/or affirmative defenses accordingly, and/or to forego affirmative defenses that GSK determines during the course of subsequent discovery are not applicable.

WHEREFORE, GSK respectfully requests the following relief:

A. A judgment that Anchen has infringed the '467 Patent;

B. A judgment that the '467 Patent is valid and enforceable;

C. An order restraining and enjoining Anchen, its officers, agents, attorneys and employees, and those acting in privity or concert with Anchen, from engaging in the commercial manufacture, use, offer to sell or sale within the United States, or importation into the United States, of generic dutasteride capsules, as claimed in the '467 Patent;

D. An order restraining and enjoining Anchen, its officers, agents, attorneys and employees, and those acting in privity or concert with Anchen, from engaging in the commercial manufacture, use, offer to sell or sale within the United States, or importation into the United States, of generic dutasteride and tamsulosin capsules, as claimed in the '467 Patent;

E. An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of ANDA No. 20-2530 for Anchen's proposed generic dutasteride capsules shall not be earlier than the expiration date of the '467 Patent;

F. An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of ANDA No. 20-2509 for Anchen's proposed generic dutasteride and tamsulosin capsules shall not be earlier than the expiration date of the '467 Patent;

G. Damages or other monetary relief to GSK if Anchen engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of generic dutasteride capsules before the expiration date of the 467 Patent, including any extensions and/or additional periods of exclusivity to which GSK is or becomes entitled;

H.  Damages or other monetary relief to GSK if Anchen engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of generic dutasteride and tamsulosin capsules before the latest expiration date of the '467 Patent, including any extensions and/or additional periods of exclusivity to which GSK is or becomes entitled;

I.  Costs and reasonable attorneys' fees of this action pursuant to 35 U.S.C. §§ 271(e)(4) and 285; and

J.  Other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jfahnestock@mnat.com

*Attorneys for Plaintiff GlaxoSmithKline LLC
(f/k/a SmithKline Beecham Corporation)*

OF COUNSEL:

William F. Lee
Lisa J. Pirozzolo
Christopher R. Noyes
WILMERHALE LLP
60 State Street
Boston, MA  02109
(617) 526-6000

February 28, 2011
4113865

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> John C. Phillips, Jr., Esquire
> PHILLIPS, GOLDMAN & SPENCE, P.A.

I further certify that I caused copies of the foregoing document to be served on February 28, 2011, upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>PHILLIPS, GOLDMAN & SPENCE, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806<br>*Attorneys for Anchen Pharmaceuticals, Inc.,*<br>*Anchen, Inc. and Banner Pharmacaps Inc.* | *VIA ELECTRONIC MAIL* |
| William R. Zimmerman, Esquire<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>1717 Pennsylvania Avenue, NW<br>Suite 900<br>Washington, DC 20006<br>*Attorneys for Anchen Pharmaceuticals, Inc.*<br>*and Anchen, Inc.* | *VIA ELECTRONIC MAIL* |
| Payson LeMeilleur, Esquire<br>Christy G. Lea, Esquire<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street – 14th Floor<br>Irvine, CA 92614<br>*Attorneys for Anchen Pharmaceuticals, Inc.*<br>*and Anchen, Inc.* | *VIA ELECTRONIC MAIL* |
| Ron E. Shulman, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>*Attorneys for Banner Pharmacaps Inc.* | *VIA ELECTRONIC MAIL* |

Roger J. Chin, Esquire
WILSON SONSINI GOODRICH & ROSATI
One Market Street
Spear Tower – Suite 3300
San Francisco, CA 94105
*Attorneys for Banner Pharmacaps Inc.*

*VIA ELECTRONIC MAIL*

_____
Jack B. Blumenfeld (#1014)