IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLAXOSMITHKLINE LLC (f/k/a SMITHKLINE BEECHAM CORPORATION), | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 11-046 (SLR) |
| ANCHEN PHARMACEUTICALS, INC., ANCHEN, INC. and BANNER PHARMACAPS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |
| ANCHEN PHARMACEUTICALS, INC., ANCHEN, INC. and BANNER PHARMACAPS, INC., | ) ) ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| v. | ) ) | |
| GLAXOSMITHKLINE LLC (f/k/a SMITHKLINE BEECHAM CORPORATION), | ) ) ) ) ) | |
| Counterclaim-Defendant. | ) | |

## GLAXOSMITHKLINE LLC'S ANSWER TO COUNTERCLAIM OF BANNER PHARMACAPS INC.

Plaintiff GlaxoSmithKline LLC ("GSK") answers the Counterclaim of Defendant/Counterclaim-Plaintiff Banner Pharmacaps Inc. ("Banner") as follows:

### PARTIES[1]

101.   Upon information and belief, GSK admits the allegations of paragraph 101.

---

[1]   For the Court's convenience, GSK will use the headings employed by Banner in its Counterclaim. However, such use does not indicate agreement with the characterization of those headings, and GSK does not waive its right to object to those characterizations.

102. GSK admits that it is a Delaware limited liability company with offices in Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

103. The allegations of paragraph 103 state conclusions of law to which no response is required.

104. GSK admits the allegations of paragraph 104.

## CLAIM FOR RELIEF

105. GSK admits the allegations of paragraph 105.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. The first sentence of paragraph 110 states a legal conclusion to which no response is required. GSK denies the remaining allegations of paragraph 110.

## PRAYER FOR RELIEF

GSK states that the final paragraph ("Prayer for Relief") contains a request for relief to which no response is required. To the extent that one is required, GSK denies that Banner is entitled to such relief.

GSK denies all allegations not expressly denied or otherwise responded to herein.

## AFFIRMATIVE DEFENSES

GSK asserts the following affirmative and other defenses. GSK asserts these defenses without prejudice to GSK's right to plead additional defenses as discovery into the facts progresses.

**First Affirmative Defense**

Banner's Counterclaim fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

GSK has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely upon such other affirmative defenses as may become available or apparent during discovery proceedings. GSK further reserves the right to amend its Answer and/or affirmative defenses accordingly, and/or to forego affirmative defenses that GSK determines during the course of subsequent discovery are not applicable.

WHEREFORE, GSK respectfully requests the following relief:

A. A judgment that Banner has infringed each of the Patents-in-Suit;

B. A judgment that the Patents-in-Suit are valid and enforceable;

C. An order restraining and enjoining Banner, its officers, agents, attorneys and employees, and those acting in privity or concert with Banner, from engaging in the commercial manufacture, use, offer to sell or sale within the United States, or importation into the United States, of generic dutasteride capsules, as claimed in the Patents-in-Suit;

D. An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of ANDA No. 20-0899 for Banner's proposed generic dutasteride capsules shall not be earlier than the expiration date of the Patents-in-Suit;

E. Damages or other monetary relief to GSK if Banner engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of generic dutasteride capsules before the latest expiration date of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which GSK is or becomes entitled;

  F. Costs and reasonable attorneys' fees of this action pursuant to 35 U.S.C. §§ 271(e)(4) and 285; and

  G. Other and further relief as the Court may deem just and proper.

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                */s/ Jack B. Blumenfeld*

                Jack B. Blumenfeld (#1014)
                Derek J. Fahnestock (#4705)
                1201 North Market Street
                P.O. Box 1347
                Wilmington, DE 19899
                (302) 658-9200
                jblumenfeld@mnat.com
                jfahnestock@mnat.com

                *Attorneys for Plaintiff GlaxoSmithKline LLC*
                *(f/k/a SmithKline Beecham Corporation)*

OF COUNSEL:

William F. Lee
Lisa J. Pirozzolo
Christopher R. Noyes
WILMERHALE LLP
60 State Street
Boston, MA 02109
(617) 526-6000

February 28, 2011
4113870

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> John C. Phillips, Jr., Esquire
> PHILLIPS, GOLDMAN & SPENCE, P.A.

I further certify that I caused copies of the foregoing document to be served on February 28, 2011, upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>PHILLIPS, GOLDMAN & SPENCE, P.A.<br>1200 North Broom Street<br>Wilmington, DE 19806<br>*Attorneys for Anchen Pharmaceuticals, Inc.,*<br>*Anchen, Inc. and Banner Pharmacaps Inc.* | *VIA ELECTRONIC MAIL* |
| William R. Zimmerman, Esquire<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>1717 Pennsylvania Avenue, NW<br>Suite 900<br>Washington, DC 20006<br>*Attorneys for Anchen Pharmaceuticals, Inc.*<br>*and Anchen, Inc.* | *VIA ELECTRONIC MAIL* |
| Payson LeMeilleur, Esquire<br>Christy G. Lea, Esquire<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street – 14th Floor<br>Irvine, CA 92614<br>*Attorneys for Anchen Pharmaceuticals, Inc.*<br>*and Anchen, Inc.* | *VIA ELECTRONIC MAIL* |
| Ron E. Shulman, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>*Attorneys for Banner Pharmacaps Inc.* | *VIA ELECTRONIC MAIL* |

Roger J. Chin, Esquire  *VIA ELECTRONIC MAIL*
WILSON SONSINI GOODRICH & ROSATI
One Market Street
Spear Tower – Suite 3300
San Francisco, CA 94105
*Attorneys for Banner Pharmacaps Inc.*

                                                                    /s/ Jack B. Blumenfeld
                                                                    Jack B. Blumenfeld (#1014)

2