IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXOSMITHKLINE LLC<br>(f/k/a SMITHKLINE BEECHAM<br>CORPORATION),<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>    v.<br><br>ANCHEN PHARMACEUTICALS, INC.,<br>ANCHEN, INC., and<br>BANNER PHARMACAPS INC.,<br><br>    Defendants/Counterclaim-Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 11-046 (SLR)<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

At Wilmington this 18th day of March, 2011, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by **March 31, 2011** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

   (a)   Willfulness has not been asserted. If willfulness is later asserted, that issue, along with any claim to damages, shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

   (b)   Plaintiff contends that it will need discovery on the following subjects: (1) Abbreviated New Drug Application ("ANDA") No. 20-0899 filed by Defendant Banner Pharmacaps Inc. with the U.S. Food and Drug Administration ("FDA") for approval to market a generic version of Plaintiff's AVODART® drug product, including the decision to file the

-2-

ANDA; (2) ANDA No. 20-2530 filed by Defendant Anchen Pharmaceuticals, Inc. with the FDA for approval to market a generic version of Plaintiff's AVODART® drug product, including the decision to file the ANDA; (3) ANDA No. 20-2509 filed by Defendant Anchen Pharmaceuticals, Inc. with the FDA for approval to market a generic version of Plaintiff's JALYN® drug product, including the decision to file the ANDA; (4) design, development, formulation, testing and/or manufacturing of Defendants' proposed generic versions of Plaintiff's AVODART® and JALYN® drug products; (5) the markets for generic versions of Plaintiff's AVODART® and JALYN® drug products; (6) anticipated sales and marketing of Defendants' proposed generic versions of GSK's AVODART® and JALYN® drug products; (7) infringement of the patents-in-suit; and (8) any allegations that the patents-in-suit are invalid.

(c)     Banner contends that it will need discovery on the following subjects: (1) invalidity and unenforceability of U.S. Patent No. 5,565,467; (2) invalidity and unenforceability of U.S. Patent No. 5,846,976; (3) invalidity and unenforceability of U.S. Patent No. 5,998,427; (4) any allegations by Plaintiff that a product made according to Banner's ANDA No. 20-0899 would infringe claims of the three patents-in-suit; (5) all discovery taken in *Smithkline Beecham Corp. v. Barr Labs., Inc.*, CA No. 08-112 (SLR); (6) the settlement of *Smithkline Beecham Corp. v. Barr Labs., Inc.*, CA No. 08-112 (SLR); (7) prosecution of the '467 patent; (8) prosecution of the '976 patent; (9) prosecution of the '427 patent; (10) design, development, formulation, testing and/or manufacturing of Plaintiff's AVODART® drug product.

(d)     Anchen contends that it will need discovery on the following subjects: (1) invalidity and unenforceability of U.S. Patent No. 5,565,467; (2) any allegations by Plaintiff that a product made according to Anchen's ANDA No. 20-2530 would infringe any claim of the patent-in-suit; (3) any allegations by Plaintiff that a product made according to Anchen's ANDA

No. 20-2509 would infringe any claim of the patent-in-suit; (4) all discovery taken in *Smithkline Beecham Corp. v. Barr Labs., Inc.*, CA No. 08-112 (SLR); (5) the settlement of *Smithkline Beecham Corp. v. Barr Labs., Inc.*, CA No. 08-112 (SLR); (6) prosecution of the '467 patent; (7) design, development, formulation, testing and/or manufacturing of Plaintiff's AVODART® drug product; (8) design, development, formulation, testing and/or manufacturing of Plaintiff's JALYN® drug product.

(e) All fact discovery shall be commenced in time to be completed by **January 27, 2012**.

(1) Maximum of **20** interrogatories by Plaintiff to each defendant party and **20** interrogatories for each defendant party. For purposes of this Order, defendants Anchen Pharmaceuticals, Inc. and Anchen, Inc. shall jointly constitute a single party.

(2) Plaintiff shall serve infringement contentions by **May 16, 2011**. Defendants shall serve invalidity contentions by **July 16, 2011**. In the absence of agreement among the parties, any other contention interrogatories, if served, shall first be addressed by the party with the burden of proof no later than **August 26, 2011**, with the responsive answers due within thirty (30) days thereof. The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Maximum of **25 substantive** requests for admission by each party to any other party; there shall be no limitation of the number of requests for admission regarding authenticity of documents.

(4) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **September 9, 2011**. In the absence of agreement

among the parties or by order of the court: (i) e-discovery shall be limited to the initial custodians identified through the D. Del. 16.1(a) meeting; (ii) e-discovery shall be limited to a term of five (5) years; (iii) on or before **July 22, 2011**, each party may request e-discovery of additional custodians or for additional years, for good cause shown; and (iv) no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) relating to the existence, location, and collection of documents) shall be scheduled prior to the completion of e-discovery.

(5) Plaintiff may take a maximum of **100 hours** of fact depositions and defendants may take **120 hours** of fact depositions. Depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) shall be included in the number of hours described above. In general, unless otherwise agreed by the parties, fact depositions will be limited to **7 hours** unless the witness is also being deposed in his or her capacity as a Fed. R. Civ. P. 30(b)(6) witness or unless otherwise agreed by the parties. However, the depositions of the currently-named inventors (Stephen Frye and Kenneth Batchelor) shall be limited to a maximum of **ten hours** per deposition. In addition, defendants may choose up to five fact depositions that shall be limited to a maximum of **ten hours** per deposition. The parties agree to make employee witnesses available for deposition in the United States. The parties further agree to coordinate scheduling of depositions so that, unless for good cause shown, no witness will be deposed more than once in this action in their capacity as an individual, and, to the extent practical, once in this action in their capacity as a Fed. R. Civ. P. 30(b)(6) witness (i.e., a deposition will be scheduled on an agreeable date so that counsel for all parties attending the deposition that have questions for the witness shall have the opportunity to attend and question the witness, and a given witness will not be subject to more than one deposition).

US1DOCS 7883449v1

  (f) Expert discovery shall be commenced in time to be completed by **June 15, 2012**.

  (1) Expert reports on issues for which the parties have the burden of proof due **February 13, 2012**. Rebuttal expert reports due **March 26, 2012**. Supplemental reports (for, e.g., on secondary considerations of obviousness) due **May 4, 2012**.

  (2) Depositions of Plaintiff's experts shall be limited to a maximum of **7 hours** per defendant party, and depositions of Defendants' shared experts shall be limited to a maximum of **10 hours**.

  (3) All Daubert motions shall be filed on or before **July 20, 2012**.

  (g) Supplementations under Rule 26(e) due **December 16, 2011**.

  (h) **Discovery Disputes**. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[1] to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

  (i) **Fact Witnesses to be Called at Trial**. **Within one (1) month** following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. **Within one (1) month** of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who

---

[1] The court may also refer discovery disputes to a Special Master.

have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses. The parties agree to confer on reasonable time limits for these depositions.

3. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before **December 12, 2011**.

4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[2] for the purposes of exploring ADR.

5. **Claim Construction Issue Identification**. If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms **December 1, 2011**. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6. **Claim Construction**. Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **June 1, 2012**, with the claim chart separately docketed. Plaintiff shall serve and file its opening brief on claim construction on or before **June 29, 2012**. Defendants shall serve and file their answering claim construction brief on or before: **July 27, 2012**. Plaintiff shall serve and file its reply brief on or before **August 10, 2012**. Defendants shall serve and file their surreply brief on or before

---

[2] The court may also refer ADR to a Special Master.

**August 24, 2012**. A hearing on the claim construction, if necessary, will be held at a date and time convenient to the Court.

7. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

  (a)  Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

  (b)  No telephone calls shall be made to chambers.

  (c)  Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

8. **Motions in Limine**. No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9. **Pretrial Conference**. A pretrial conference will be held on **September 28, 2012 at 9:30 AM** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference. *To the extent deemed necessary, the court shall hear claim construction presentations at this time.*

10. **Trial**. This matter is scheduled for a **two-week bench trial** commencing on **October 22, 2012** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington,

-8-

Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____<br>
United States District Judge

US1DOCS 7883449v1